PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

DEREK LICHTENWALTER, *et al.*,        )
                                      )
                Plaintiffs,           )        CASE NO. 5:14cv218
                                      )
        v.                            )        JUDGE BENITA Y. PEARSON
                                      )
GEORGE MAIER,                         )
                                      )        **MEMORANDUM OF OPINION**
                Defendant.            )        **AND ORDER**

*Pro se* Plaintiffs Derek Lichtenwalter, Courtney Marshall, Michael Williams, and Mark

Heckman filed this civil rights action against Stark County Sheriff, George Maier.  In the Complaint,

Plaintiffs challenge numerous conditions of confinement in the Stark County Jail.  They ask this

Court to order the Defendant to improve the conditions and alleviate the problems, or release them

from incarceration.

## I.  Background

Plaintiffs assert six causes of action.  First, they claim the jail has no law library or legal

assistance program to help with their cases.  ECF No. 1 at 2.  They indicate the public defender will

only assist them with their criminal cases and appeals but will not represent them in civil rights

actions.  ECF No. 1 at 2.  Second, they state that the medical care offered at the jail is inadequate.

ECF No. 1 at 3.  They indicate without explanation or specificity that they all suffer from "chronic

medical conditions" and "have not been treated adequately leaving each of us open for separate

reasons open to a serious life changing or threatening complications [sic]."  ECF No. 1 at 3.  Third,

(5:14cv218)

they contend the food served at the jail does not offer a balanced diet. ECF No. 1 at 3. They state they receive three meals per day, but these meals offer more meat and carbohydrates than fruits and vegetables. They also contend the portions are not sufficient to satisfy men. ECF No. 1 at 3. Fourth, they claim they do not receive sufficient exercise or recreation. ECF No. 1 at 3. They state they are locked down in the jail all of the time. Recreation is permitted in the housing areas; however, these areas are small. ECF No. 1 at 4. Fifth, they claim the jail is overcrowded. ECF No. 1 at 4. Each unit contains 6 bunk beds, 3 tables, 2 phones, 1 urinal, 2 toilets, 1 shower, 2 sinks, 1 video visiting machine, and at times 1 to 3 temporary bunks on the floor. ECF No. 1 at 4. They contend the video monitor faces the toilet, allowing visitors to view anyone using the facilities at the time of the visit. ECF No. 1 at 5. Finally, they claim the grievance procedure is inadequate. ECF No. 1 at 5. Plaintiffs assert these conditions inflict cruel and unusual punishment. ECF No. 1 at 6. They ask this Court to order the Defendant to correct these conditions or release them from jail. ECF No. 1 at 7.

## II.  Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a defendant is immune from

2

(5:14cv218)

suit or when a plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke,* *490 U.S. at 327.*  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough fact to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).  The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id.*  The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain,* 478 U.S. 265, 286 (1986).

The Supreme Court in *Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009), further explains the "plausibility" requirement, stating that "a claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.  Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id.*  This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

3

(5:14cv218)

### III.  Law and Analysis

#### A.  Habeas Petition

 Although Plaintiffs title this action as a Petition for a Writ of Habeas Corpus, the claims they assert are not cognizable in a habeas petition.  Habeas corpus is available to prisoners seeking relief from unlawful imprisonment or custody.  *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). State prisoners may file a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 to challenge the fact of their convictions or the duration of their sentences.  However, § 2254 is not available to review questions unrelated to the cause of detention.  *Martin*, 391 F.3d at 714.  Prisoners challenging the conditions of their confinement must do so through a civil rights action.  *Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973).  Virtually every aspect of a prisoner's daily life that does not affect the duration of his imprisonment is considered a "condition of confinement."  Two of the Plaintiffs are pretrial detainees awaiting trial.  One of the Plaintiffs is serving a six month sentence.  None of the claims asserted by Plaintiffs directly challenge a conviction or the duration of their confinement in the jail.  Their claims challenging the conditions of their confinement must be raised in a civil rights action, and cannot be brought in a habeas petition.  Because *pro se* pleadings are held to a less stringent standard than those drafted by an attorney, and this pleading is clearly intended as a civil rights action, the Court will liberally construe the pleading as arising under 42 U.S.C. § 1983.

#### B.  Injunctive Relief

As an initial matter, the only type of relief Plaintiffs request in their Complaint is injunctive. They ask the Court to order the Stark County Jail to correct the situations they describe or release

4

(5:14cv218)

them.  None of the Plaintiffs, however, is still at Stark County Jail.  Derek Lichtenwalter has been

released.  ECF No. 5.  Michael Ernest Williams is incarcerated in the Lorain Correctional Institution.

ECF No. 3.  The Ohio Department of Rehabilitation and Correction ("ODRC") lists Courtney

Marshall as incarcerated in the Belmont Correctional Institution.[1]  Mark Heckman is incarcerated

in the Lake Erie Correctional Institution.  ECF No. 8.  A prisoner's claim for injunctive relief

becomes moot when the prisoner is no longer confined at the prison where the claim allegedly arose.

*See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).  Because the Plaintiff only seek injunctive

relief, their Complaint does not state a claim upon which relief may be granted.

### C.  Access to the Courts

Furthermore, Plaintiffs' claims construed under 42 U.S.C. § 1983 fail to state a claim on their

merits.  They first claim the jail lacks a law library which denies them access to the courts.  To state

a claim for denial of access to the courts, each Plaintiff must allege that particular actions of the

Defendant prevented him from pursuing or caused the rejection of a specific non-frivolous direct

appeal, habeas corpus petition, or civil rights action.  *Lewis v. Casey*, 518 U.S. 343, 351 (1996).  The

right of access to the courts is directly related to an underlying claim, without which a Plaintiff

cannot have suffered injury by being shut out of court.  *Christopher v. Harbury*, 536 U.S. 403, 415

(2002).  For this reason, each Plaintiff must plead and prove prejudice stemming from the asserted

violation.  *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir.1996).  In order words, he must

demonstrate "actual injury" by showing that his underlying claim was non-frivolous, and that it was

---

[1]    The Ohio Department of Rehabilitation and Correction maintains an inmate locator
service which can be found at: http://www.drc.ohio.gov.

(5:14cv218)

frustrated or impeded by Defendants. *Lewis*, 518 U.S. at 353. "It follows that the underlying cause of action, whether anticipated or lost, is an element that must be described in the Complaint...." *Christopher*, 536 U.S. at 415.

Plaintiffs claim generally that the jail lacks a law library. They admit the public defenders assist with their criminal cases, but they contend these attorneys will not help prepare other types of actions. The Supreme Court in *Lewis* clarified that denial of an adequate law library or adequate legal assistance is not actionable unless the inmate can show that he suffered actual injury as a result of the inadequacy. *Lewis*, 518 U.S. at 353. "[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense." *Id.* The inmate must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program prevented him from pursuing or caused the rejection of a specific non-frivolous legal claim in a habeas petition or a civil rights action. *Id.* None of the four Plaintiffs alleged a personal experience in which he was prevented from pursing an actual legal claim by the lack of a law library. As none of them has asserted an actual injury, their claims under the First Amendment for denial of access to the courts are dismissed.

**D. Eighth Amendment**

Plaintiffs' second, third, fourth, and fifth claims assert cruel and unusual punishment. These claims generally arise under of the Eighth Amendment which imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Although the Eighth Amendment's protections apply specifically to post-conviction inmates, *see Barber v. City of Salem, Ohio*, 953 F.2d 232, 235 (6th Cir.1992), the Due Process Clause of the Fourteenth Amendment operates to

(5:14cv218)

guarantee those same protections to pretrial detainees as well. *Thompson v. County of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir. 1994); *see also Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir. 1988) (stating that alleged violation of pretrial detainee's Eighth and Fourteenth Amendment rights is governed by the "deliberate indifference" standard).

Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Eighth Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). This, however, does not mandate that a prisoner be free from discomfort or inconvenience during his or her incarceration. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). Prisoners are not entitled to unfettered access to the medical treatment of their choice, *see Hudson v. McMillian*, 503 U.S. 1, 9 (1992), nor can they "expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988); *see Thaddeus-X v. Blatter*, 175 F.3d 378, 405 (6th Cir. 1999). In sum, the Eighth Amendment affords the constitutional minimum protection against conditions of confinement which constitute health threats, but does address those conditions which cause the prisoner to feel merely uncomfortable or which cause aggravation or annoyance. *Hudson*, 503 U.S. at 9-10 (requiring extreme or grave deprivation).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true,

(5:14cv218)

establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. A plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id.* A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

In the context of a claim regarding medical treatment, an inmate must show two elements to demonstrate a violation of his Eighth Amendment rights: 1) that he was suffering from a "serious" medical need; and 2) that the prison officials were "deliberately indifferent" to the serious medical need. *Id.* It is clear from the foregoing that the duty to provide a certain level of health care to incarcerated offenders under the Eighth Amendment is a limited one. "Not 'every ache and pain or medically recognized condition involving some discomfort can support an Eighth Amendment claim.'" *Sarah v. Thompson*, No. 03-2633, 2004 WL 2203585 (6th Cir. Sept. 15, 2004) (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1372 (7th Cir.1997)). To evaluate Plaintiffs' claims pertaining to medical care, the Court must first determine whether their respective medical conditions are sufficiently serious to invoke Eighth Amendment protection. If these conditions are sufficiently serious, the Court will then proceed to inquire whether the Defendant exhibited deliberate

8

(5:14cv218)

indifference to each of these medical conditions.

In the Sixth Circuit, we evaluate the seriousness of an inmate's need using an "obviousness" approach. *Blackmore v. Kalamazoo County*, 390 F.3d 890, 897 (6th Cir.2004). Under this analysis, the medical need must be sufficiently severe that it is "obvious even to a layperson" that immediate medical attention is needed. *Id.*; *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010). Under this standard, a line is drawn between the medical conditions or complaints which require medical treatment and those which present what are essentially options for the inmate in terms of seeking relief from symptoms. On one side of this line are conditions such as occasional indigestion or constipation, dandruff, acne, vitiligo, chapped lips, dry hands, most headaches, most colds (uncomplicated with fever), seasonal allergies, eczema, and muscle ache from exertion, which dictate "treatment" for cosmetic purposes or purposes of convenience or comfort. *See Peters v. Berghuis*, No. 1:09-cv-14, 2009 WL 261387 (W.D.Mich. Feb.3, 2009) (inmate's complaint that he found it hard to sleep because the lack of proper ventilation, dry air and dust in the unit caused him to suffer sinus headaches and congestion pressure was not "the sort of serious medical condition that would implicate the Eighth Amendment."); *Davidson v. Scully*, No. 81 Civ. 0390(PKL), 86012, 2001 WL 963965, at *5 (S.D.N.Y. Aug.22, 2001) (inmates common seasonal allergies which caused headaches, earaches, sinus congestion, soreness in his throat and eyes, tearing, and nasal infections did not constitute serious medical need under the Eighth Amendment). On the other side of the line are serious medical needs which may be "life threatening or pose[s] a risk of needless pain or lingering disability if not treated at once." *Davis v. Jones*, 936 F.2d 971, 972 (7th Cir. 1991).

In this case, none of the Plaintiffs specify a particular ailment for which he believes he is not

9

(5:14cv218)

receiving adequate medical care.  They indicate only that they each have "serious chronic medical conditions."  ECF No. 1 at 3.  Furthermore, none of the Plaintiffs indicate what medical care they have received from the jail.  They only assert that they "have not been treated adequately."  ECF No. 1 at 3.  These are legals conclusions unsupported by factual allegations.  Legal conclusions alone are not sufficient to state a claim for relief.  Iqbal, 556 U.S. at 678.  Plaintiffs' Eighth Amendment claims for inadequate medical care fail to meet the objective criteria of an Eighth Amendment medical claim.

The same can be said for Plaintiffs' claims pertaining to nutrition, exercise, limited recreation and overcrowding.  The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement."  Rhodes, 452 U.S. at 348.  "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment."  Ivey, 832 F.2d at 954.

The Eighth Amendment requires food to be prepared and served in a sanitary environment and that it be adequate to meet an inmate's essential nutritional needs.  Cunningham v. Jones, 567 F.2d 653, 656 (6th Cir.1977); see also Clark-Murphy v. Foreback, 439 F.3d 280, 292 (6th Cir.2006); Heinz v. Teschendorf, No. 05-CV-73470, 2006 WL 2700813, at *8 (E.D.Mich. Sept. 19, 2006).  Food served to inmates need not be appetizing, or particularly diverse or varied.  See Cunningham v. Jones, 667 F.2d 565, 566 (6th Cir.1982) (affirming the district court's conclusion that the prisoner's Eighth Amendment rights were not violated when he was served only one meal a day for 15 consecutive days where Defendants had demonstrated that the one meal furnished was of

10

(5:14cv218)

sufficient caloric content to maintain normal health for the 15 days involved).  Plaintiffs contend they receive three meals per day which regularly consist of meat and carbohydrates.  They complain that fruits and vegetables are not served with every meal and meat portions are sometimes stretched using cornmeal or other starches.  They would also prefer larger portion sizes.  None of the Plaintiffs alleges his health suffered as a result of meal or nutritional deprivation.  Their allegations do not suggest the type of extreme deprivation that triggers Eighth Amendment scrutiny.

Plaintiffs other claims pertain to overcrowding.  They contend housing areas are small.  Temporary bunks are set up when needed to accommodate additional detainees.  They indicate this limits their ability to use the bunk area for recreation.  They contend they are not permitted to use the outdoor recreation facilities.  Seating space is limited to twelve inmates when the unit can house from thirteen to sixteen inmates at any given time.  They also complain that the video cameras maintained for visitation are positioned with a view of the toilets.   While overcrowded conditions can be restrictive and even harsh, they do not violate the Eighth Amendment unless they deprive the inmate of the minimal civilized measure of life's necessities.  *Rhodes*, 452 U.S. at 347.  Even an odorous cell without amenities does not constitute the "unnecessary and wanton infliction of pain" proscribed by the Eighth Amendment. *See Knop v. Johnson,* 977 F.2d 996, 1012-19 (6th Cir.1992); *see also  Chandler v. Chapleau*, No. 95-6615, 1996 WL 577603 at *1 (6th Cir. Oct. 7, 1996) Although Plaintiff's housing arrangement in the jail may subject them to uncomfortable conditions, they do not allege with any specificity that they have been denied basic sanitation, safe temperatures, or a safe environment.

Furthermore, while complete deprivation of recreational and exercise opportunities without

11

(5:14cv218)

penological justification can implicate the Eighth Amendment, Plaintiffs have not alleged sufficient facts to suggest this type of extensive deprivation occurred. *Patterson v. Mintzes*, 717 F.2d 284, 289 (6th Cir.1983). Plaintiffs do not allege they were totally denied recreation or "prevented from running in place, doing push-ups, sit-ups, or other exercises in his jail cell or elsewhere in the jail facility." *Deleon v. Hamilton County Sheriff's Dept.*, No. 1:12–CV–68, 2012 WL 3116280, at *11 (E.D. Tenn. July 31, 2012). They state that while outdoor recreation facilities exist at the jail, they are not permitted to use them. Plaintiff do not indicate whether all inmates at the jail are barred year round from using the outdoor facilities, whether this restriction only applies to some inmates, including Plaintiffs due to security concerns, or whether this restriction applied only for a period of time.

Even if these conditions were sufficiently serious to meet the objective standard of an Eighth Amendment claim, Plaintiffs have not alleged facts to suggest the Defendant acted with the requisite intent to satisfy the subjective element. The subjective component requires a showing that prison officials knew of, and acted with deliberate indifference to, an inmate's health or safety. *Wilson*, 501 U.S. at 302-03. Deliberate indifference "entails something more than mere negligence." *Farmer*, 511 U.S. at 835. An inmate must show that prison officials had "a sufficiently culpable state of mind" in denying medical care. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). This standard is met if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* (quoting *Farmer*, 511 U.S. at 837); *Pack v. Martin*, No. 04-2218, 2006 WL 772903 (6th Cir.

(5:14cv218)

Mar. 27, 2006)("The party asserting a claim that medical care received was lacking or inadequate bears the burden of proving that the decision to provide no, or substandard, medical care was deliberate or knowing").

In this case, Plaintiffs bring these claims against the Stark County Sheriff.  While the Sheriff has the ultimate authority for administering the operations of the county jail, there is no indication in the Complaint that he personally engaged in the day to day operations of the facility.  To hold him liable for Eighth Amendment violations, Plaintiff must plead facts to suggest he knew of an excessive risk to inmate health or safety, and disregarded that risk.  Plaintiffs fail to include any facts suggesting the Sheriff was aware of the various conditions noted in the Complaint and perceived a significant risk of harm to the inmates from these conditions yet chose to ignore or dismiss the risk to the Plaintiffs.  Absent these allegations, Plaintiff has not established the subjective element of his Eighth Amendment claims

### E.  Grievance Procedure

Finally, Plaintiffs claim the jail lacks any real grievance procedure.  They indicate detainees are not provided copies of the grievances and the originals they submit are not returned to them. These allegations do not state a claim for relief.  There is no inherent constitutional right to an effective prison grievance procedure.  *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker v. Michigan Dept. of Corrections*, No. 04–1347, 2005 WL 742743, at *3 (6th Cir. Apr. 1, 2005).

13

(5:14cv218)

## IV.  Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e).  The Court certifies,

pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good

faith.

The pending motions docketed at ECF Nos. 2 and 4 are denied as moot.


IT IS SO ORDERED.


 July 29, 2014                                    /s/ Benita Y. Pearson
Date                                             Benita Y. Pearson
                                                 United States District Judge

14